UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIRLUV BOYD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:22 CV 678 RWS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Sirluv Boyd's motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255. In his motion Boyd asserts that his Court appointed counsel was constitutionally ineffective and that his previous domestic assault conviction was used to improperly enhance his sentence. For the reasons below, I find that Boyd's claims are without merit. As a result, his motion will be denied.

*Background*

On November 13, 2018, the St. Louis Metropolitan Police executed a search warrant for Boyd's residence at 3639 Gasconade Street, 2nd Floor, St. Louis, Missouri 63116, relative to his alleged illegal possession of firearms. The affidavit in support of the warrant also described the sale of illegal narcotics from the residence. While police officers prepared to enter the front of the residence

other officers were stationed in the backyard. When police entered the front of the residence Boyd exited the building from a back basement stairway. He was arrested in the backyard. When Boyd was patted down the officers found he possessed a large amount of blue and white capsules that were later determined to contain fentanyl. In a search of the basement stairway exit area, the police found a more narcotics on the stairwell that Boyd used to exit into the backyard. In the rear of the basement officers located a Glock 22 .40 caliber handgun.

On May 16, 2019, a five-count superseding indictment was issued against Boyd in United States v. Boyd, 4:18 CR 586 RWS ("Boyd I"). On November 13, 2019, Boyd pleaded guilty to being a felon in possession under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Count Two) and to possession with intent to distribute fentanyl under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(C) (Count Three). In exchange for his plea the three additional counts were dismissed when Boyd was sentenced.[1] The United States Sentencing Guidelines recommended a sentencing range between 130 – 162 months. On October 26, 2020, I sentence Boyd to a 108 month term of imprisonment followed by 3 years of supervised

---

[1] Boyd pleaded guilty to Counts Two and Three which arose from the incident of fleeing the residence from the basement on November 13, 2018. Two of the counts that were dismissed in exchange for his plea also arose from the November 13 incident; Count Four possessing with intent to distribute cocaine base and Count Five, possessing a firearm in furtherance of a drug trafficking crime. Count One, a second felon in possession charge was also dismissed. That count related to a traffic stop on May 22, 2018, in which Boyd, as a passenger in the vehicle, was alleged to have had an AR pistol between his legs. [Boyd I, ECF # 32]

2

release.  Boyd's sentence was a downward departure from the Guidelines range and below the statutory maximum.

The background facts establish that Boyd possessed a firearm illegally based on his status as a convicted felon.  In addition, Boyd possessed greater than 32 grams but less than 40 grams of fentanyl.  Boyd admitted these facts in his plea agreement [Boyd I, ECF # 72] and at his plea hearing [Boyd I, ECF # 100].[2] Boyd's guideline sentence calculation resulted in a base offense level of 24 under U.S.S.G. 2K2.1 due to his possession of a firearm as a felon in addition to having sustained at least two felony convictions of either a crime of violence or a controlled substance offense.  The enhancement offenses were for unlawful use of a weapon-exhibiting under Docket No. 1122-CR07054-01 and domestic assault 2nd degree under Docket No. 1622-CR04803-01. [Boyd I, ECF # 82].

On October 28, 2025, Boyd filed an appeal with the United States Court of Appeals for the Eighth Circuit.  In his appeal Boyd challenged the inclusion of his conviction for domestic assault in the second degree as an enhancement to his base offense level.  Boyd argued that his domestic assault conviction was not a

---

[2] At sentencing Boyd challenged the amount of fentanyl involved in the case.  He asserts that the record demonstrates that he only possessed 15.49 grams of fentanyl and his plea should reflect he possessed at least 8 grams but less than 16 grams of fentanyl.  The amount of fentanyl is not material to Boyd's sentencing.  His guideline range was based on his possession of a firearm as a felon, not on the amount of fentanyl he possessed. Moreover, Boyd was sentenced to a 108 month prison term which is below the ten year statutory maximum for felon in possession offense.

3

crime of violence and should not have been considered in his offense level calculation. On June 11, 2021, the Eighth Circuit denied Boyd's appeal.[3]

Boyd asserts three grounds for relief in his section 28 U.S.C. § 2255 motion to vacate: (1) ineffective assistance of his trial counsel during the pre-trial process for "his failure to investigate the law, facts, and circumstances" of his case and "then provide him with the professional legal advice he was entitled to in deciding on how to deal with the Government's plea offer;" (2) "appellate counsel was ineffective for failing to address on appeal issues related to the suppression hearing" in the trial court; and (3) Boyd "was denied his Fifth Amendment right to due process / a fair process by the use of a prior conviction in supporting an enhanced sentence." [ECF # 1]  In his plea agreement Boyd agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." [Boyd I, ECF # 72 at 10]

***Legal Standard***

A motion pursuant to 28 U.S.C. § 2255 is "intended to afford federal

---

[3] The Eighth Circuit summarily issued its judgment. The briefing before that court reveals that Eighth Circuit cases had previously upheld second degree domestic assault convictions like Boyd's to qualify as a crime of violence. See, e.g., United States v. Doyal, 894 F.3d 974, 977 (8th Cir. 2018).

4

prisoners a remedy identical in scope to federal habeas corpus. Davis v. United States 417 U.S. 333, 343 (1974). Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Watson v. United States, 493 F.3d 960, 963 (8th Cir 2007). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). One exception arises when there is a "miscarriage of justice," but the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence, and the Supreme Court has not extended the exception to situations beyond involving a petitioner's actual innocence." Id. (citations omitted). "[T]he Court has emphasized the narrowness of the exception and has expressed its desire that it remain rare and available only in the extraordinary case." Id. (citations omitted). Section 2255 ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993).

5

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

### *Discussion*

#### *Ineffective assistance of counsel*

To prevail on a claim alleging ineffective assistance of counsel, a defendant must satisfy the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). For a convicted defendant to prove that his counsel was ineffective, the defendant must first show that the counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires the defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A defendant can demonstrate that counsel's performance was deficient where counsel's performance "'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 522 (2003) (quoting Strickland, 466 U.S. at 688). But "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at

690).  And "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  Id. (quoting Strickland, 466 U.S. at 689).  If the defendant fails to show that his counsel was deficient, the court need not address the second prong of the Strickland test.  Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Second, a defendant must demonstrate that the deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 687.  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

The Eighth Circuit has described the Strickland test as follows: the questions a court must ask are "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation.  If we can answer 'no' to either question, then we need not address the other part of the test."  Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).  When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  Considered

7

objectively, counsel's performance is gauged by "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" Fields, 201 F.3d at 1027 (quoting Strickland, 466 U.S. at 688). "[W]e avoid making judgments based on hindsight." Id. A reviewing court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

*Trial counsel*

Boyd asserts that his trial counsel was ineffective because his counsel "failed to provide Mr. Boyd with the correct professional legal advice that he was entitled to in deciding whether or not to accept the government's plea offer. This was so as a result of counsel's failure to investigate the facts of the case prior to advising Mr. Boyd." [ECF # 1-1 at 3] Boyd does not identify what facts his counsel failed to investigate. Nor does Boyd identify the correct legal advice his attorney should have provided. In his motion to vacate, Boyd asserts his counsel was ineffective because he was more focused on having Boyd enter a guilty plea than explain the facts of the case or examine evidence as to "whether or not the government could prove the charges as they related to Boyd." [ECF # 1-1 at 6] Boyd's assertion is undermined by the uncontested facts of the case. Boyd admitted in his plea agreement that he was immediately apprehended fleeing from his residence as a search warrant was being executed. He was searched and

8

the fentanyl at issue in this case was discovered in his jacket pocket. The police then located a Glock 22, .40 caliber semi-automatic handgun in the basement and additional drugs in the stairwell that Boyd had just used to exit the building. [Boyd I, ECF # 72 at 3]

Before Boyd entered his guilty plea, his counsel filed two motions to suppress. First was a motion to suppress statements Boyd made to the police when he was allegedly caught with a firearm between his legs during a traffic stop on May 22, 2018. [ECF # 32] Boyd was indicted as a felon in possession for that incident and that charge was included in the indictment in the present case. He prevailed on his motion to suppress his statements. That count was ultimately dismissed as part of the plea agreement. Second, Boyd's counsel filed a motion to suppress all evidence seized in connection with the execution of the search warrant on Boyd's residence on November 13, 2018. [ECF # 53] Boyd's counsel challenged the reliability of the warrant. The motion was fully briefed and United States Magistrate Judge David D. Noce issued a thorough report and recommendation recommending that the motion be denied. [ECF # 63] Boyd's counsel filed objections to the report and recommendation. However, Boyd entered a guilty plea two months later that made his motion to suppress moot.

9

In his plea agreement Boyd admitted the facts of the case and represented that he understood the elements of the counts in his guilty plea. [Boyd I, ECF # 72 at 2-3]  Boyd stated that he had discussed with counsel the possible sentence in the case and the rights Boyd was waiving by entering a guilty plea. [Id. at 7 and 9] Boyd also stated that he and his counsel reviewed the evidence and his counsel discussed the case against him and all possible defenses and witnesses. Boyd stated that he was fully satisfied with the representation from his counsel and that counsel completely and satisfactorily explored all areas of the case and defenses. [Id. at 12]  Similarly, Boyd stated under oath at his plea hearing that he was satisfied with his counsel's representation and that no one threatened, forced, or in any way coerced Boyd into pleading guilty. [Boyd I, ECF # 100]

Based on the foregoing, I find that Boyd has failed to establish that his trial counsel was constitutionally ineffective in his criminal case proceedings.

*Appellate counsel*

In his second ground for relief, Boyd asserts that his appellate counsel was constitutionally ineffective for failing to challenge the Magistrate Judge's report and recommendation that denied his motion to suppress based on an alleged unsupported search warrant.

10

"[T] the choice of what specific arguments to make within [an] appeal belongs to appellate counsel." Garza v. Idaho, 586 U.S. 232, 240 (2019). "[T]he Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal." Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998). Counsel's decision to not raise unwinnable issues on appeal does not constitute constitutional ineffectiveness. Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990). In the present case, Boyd's appellate counsel pursued an appeal regarding the enhancement of Boyd's base level offence with his conviction for domestic assault 2nd degree. The Eight Circuit denied that appeal.

Boyd asserts that a challenge to the search warrant would have been meritorious and his appellate counsel was constitutionally deficient for failing to raise that issue. This claim was not meritorious. I have reviewed Boyd's motion to suppress evidence based on a deficient search warrant and find that the Magistrate Judge's report and recommendation succinctly and thoroughly addresses the issue and correctly overruled the motion. Boyd is challenging the use of a confidential source in the affidavit dated November 7, 2018, in support of the search warrant. The confidential source alleged that Boyd "currently" possessed a black semiautomatic weapon at his residence. The information from the confidential source was supported in the affidavit. The affidavit stated that a

11

women made a service call to the police on November 4, 2018 and asserted that Boyd "pulled a firearm out on her in front of their children." The affidavit also states that two days later, on November 6, 2018, the police received a call from the children's aunt asserting that Boyd "flourished a gun at the caller." [Boyd 1, ECF # 56-1 at 4] On November 13, 2018, the search of the residence uncovered a handgun. Based on the confidential source's information and the service calls to the police, probable cause supported the search warrant.[4] United States v. Carpenter, 422 F.3d 738, 744 (8th Cir. 2005) ("Information from an informant may be sufficient to establish probable cause if the tip is corroborated by independent evidence.") (internal quotations and citation omitted).

Moreover, Boyd waived any right to challenge the decision on his suppression motion on appeal. Boyd's plea agreement only allows him to appeal his criminal history. [Boyd I, ECF # 72 at 9]["The parties waive all rights to appeal all nonjurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s)."] At his plea hearing Boyd confirmed that he understood and agreed that, by entering a plea,

---

[4] The affidavit also noted that Boyd was "wanted" for five probation violations and for unlawful use of a weapon-exhibiting from an August 21, 2018 incident. The affidavit confirmed that Boyd was a prior convicted felon.

he was giving up any previously filed motions to suppress and any other pretrial motions.  [Boyd I, ECF # 100 at 8]  Appellate counsel was not ineffective for failing to raise a claim Boyd had agreed to waive in the plea agreement.

As a result, I will deny Boyd's motion to vacate based on ineffective appellate counsel.

*Due Process Claim*[5]

As his third and final ground for relief, Boyd asserts that the use of his conviction for domestic assault 2nd degree as an enhancement to his base offense level violated his due process rights.  He asserts that domestic assault 2nd degree is not a crime of violence under the enhancement provision of U.S.S.G. 2K2.1. Boyd asserted this ground for relief in his direct appeal.  The Eighth Circuit denied this ground for relief.  "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. s 2255."  United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981). As a result, Boyd's due process ground for relief will be denied.

---

[5] I note that Boyd filed a motion to amend his 2255 motion to add a claim that his trial counsel was constitutionally ineffective for failing to challenge his base offense level enhancement. [ECF # 11] He asserts that his trial counsel should have challenged the characterization of his conviction for domestic assault 2nd degree as a crime of violence.  This claim fails for two reasons.  First, Boyd challenged this issue on direct appeal and was denied relief.  As result, he is foreclosed from bringing the same claim in the guise of an ineffective assistance of counsel claim. Second, the Eighth Circuit has directly held that this conviction is a crime of violence United States v. Doyal, 894 F.3d 974, 977 (8th Cir. 2018).  Trial counsel's failure to challenge the issue does not constitute ineffective assistance of counsel.

13

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Sirluv Boyd's motion to vacate [1] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner Sirluv Boyd's motion to appoint counsel [10] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner Sirluv Boyd's motion to amend / correct his motion to vacate [11] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner Sirluv Boyd's motion for bond [12] is **DENIED**.

                                                                  _____
                                                                  RODNEY W. SIPPEL
                                                                  UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2025.